## 8280

### MOON v. TOOLEY.

1. JURISDICTION—APPEAL—MAGISTRATE COURT.—Upon finding by Circuit Court that notice of intention to appeal from magistrate court had not been served in time, that Court had jurisdiction *only* to dismiss the appeal.

   MESSRS. CHIEF JUSTICE GARY *and* JUSTICE WATTS *dissent.*

2. IBID.—IBID.—IBID.—An order affirming a magistrate judgment in such case is without jurisdiction and may be set aside on motion by another Circuit Judge, as may also the judgment entered on such order and the magistrate papers on file in the Circuit Court and the execution issued thereon.

Before B. M. SHUMAN, Special Judge, Greenville, December term, 1911.    Affirmed.

Action by J. W. Moon and J. J. Henson against John Tooley, Hovey Tooley and David Tooley in court of magistrate O. M. Allen.    Plaintiff appeals from Circuit order.

*Mr. Adam C. Welborn,* for appellant, cites: *Justice should make return on defective notice:* Wait's Proc. 421. *Judgment properly entered in Circuit Court:* 56 S. C. 426.

*Mr. J. D. Lanford,* contra.

August 2, 1912.    The opinion of the Court was delivered by

MR. JUSTICE FRASER.    The following is the case and exceptions:

"This case was commenced before magistrate O. M. Allen, in county and State aforesaid, and tried by him, and judgment was rendered in favor of the plaintiffs and against the defendants on February 25, 1911. In due time the defendants served notice and grounds of appeal to the Circuit Court on the magistrate and gave bond on appeal in the sum of fifty ($50) dollars. On March 17, 1911, a copy of said notice and grounds of appeal was mailed to and received by the plaintiff, J. J. Henson, and no other notice and grounds of appeal were ever served on either of the plaintiffs. The magistrate in due time made return of all the papers in the case to the Court of Common Pleas for the county and State aforesaid.

"The plaintiffs' attorney gave the defendants' attorney written notice of a motion to dismiss the appeal on the ground that no notice and grounds of appeal had been served on the plaintiffs according to law. The motion was heard by Hon. Geo. W. Gage, presiding Judge, on April 7, 1911, who then passed an order dismissing the appeal and affirming the judgment below.

"On April 14, 1911, judgment was duly entered and enrolled on said order and the magistrate's papers in the office of the clerk of Court of Common Pleas for the county and State aforesaid in favor of the plaintiffs and against the defendants and execution issued thereon.

"The defendants' attorney gave plaintiffs' attorney written notice of a motion to set aside Judge Gage's order so far as it affirms the judgment below and to set aside the judgment and execution entered and issued thereon. The said motion was heard by Hon. B. M. Shuman, special presiding Judge, on December 12, 1911, who passed the following order:

" 'After argument of counsel it is ordered, that the judgment of Judge Gage so far as it affirms the judgment below is hereby declared null and void and is set aside and the judgment and execution entered thereon is set aside.'

"In due time the plaintiffs served notice of intention to appeal to the Supreme Court from said order and will ask the Supreme Court to reverse said order and affirm Judge Gage's order and the judgment entered thereon upon the following exceptions:

1. "Because the Court erred in setting aside Judge Gage's order so far as it affirms the judgment of the magistrate. In a case like this, one Circuit Judge has no power to set aside the order of another Circuit Judge. It can only be set aside or reversed by the Supreme Court on appeal. When notice and grounds of appeal were served on the magistrate in time, it was his duty to make return of all the papers in the case to the Court of Common Pleas. When Judge Gage passed his order dismissing the appeal on the ground that no notice and grounds of appeal had been served on the plaintiffs according to law, the judgment of the magistrate was in legal effect affirmed.

2. "Because the Court erred in setting aside the judgment entered and enrolled in the clerk's office on Judge Gage's order and the magistrate's papers. Judge Gage's order being a record of the Circuit Court and in legal effect affirming the judgment below and all the magistrate's papers in the case being records of the Circuit Court, it was perfectly proper and legal to enter and enroll judgment thereon and issue execution."

It being admitted that the notice of appeal was not served within the time required by law, the Circuit Court had no jurisdiction in the case. This is too well settled to require the citation of authority. The appellate Court being without jurisdiction to hear could neither reverse nor affirm the judgment and could only dismiss the appeal. That part of the order of April 7th which affirmed the judgment of the magistrate being made without jurisdiction was a nullity and could be so treated wherever it was found.

The order of Judge Gage did not pretend to authorize the entry of judgment for the findings of the magistrate or the issuance of execution thereon. A succeeding Judge had full authority in a motion in the cause to set aside the unauthorized judgment and execution.

The judgment of this Court is that the order appealed from be affirmed.

MESSRS. CHIEF JUSTICE GARY *and* MR. JUSTICE WATTS *dissent, on the ground that the first exception should be sustained.*